**In re SHIPPERS STEVEDORING COMPANY, Relator.**

No. 14-08-00438-CV.

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 20, 2008.

F. William Mahley, Debra W. Biehle, P.M. Schenkkan and Mary A. Keeney, for Relators.

Alan Brandt Daughtry, C. Elaine Howard, Linda C. Goehrs, Kurt B. Arnold, Michael P. Doyle, Lynda Burchett, Patricia Mary Davis, Randy L. Fairless, Richard M. McRory, Houston, Douglas T. Gilman, Brenton J. Allison, Pearland, for real parties in interest.

Panel consists of Chief Justice HEDGES and Justices GUZMAN and BOYCE.

## OPINION

EVA M. GUZMAN, Justice.

On May 29, 2008, relator, Shippers Stevedoring Company ("Shippers"), filed a petition for writ of mandamus in this court. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon 2004); *see also* TEX.R.APP. P. 52. In the petition, relator asks this court to compel the Honorable Rory R. Olsen, presiding judge of Probate Court Number Three, Harris County, Texas, to vacate his May 12, 2008 order denying relator's plea to the jurisdiction and to grant the same. Because Shippers has not established its entitlement to the extraordinary relief of a writ of mandamus, we deny its petition for writ of mandamus.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Chavon Lewis was crushed by a forklift while working as a checker for Shippers Stevedoring at a Port of Houston dock on the Houston Ship Channel. Her heirs and estate, the real parties in interest in this proceeding, brought wrongful death and survival claims which ultimately were consolidated in Harris County Probate Court No. 3.[1] In February 2006, Shippers filed a motion for final summary judgment, asserting that it is "immune from any tort action brought by Plaintiffs as a matter of law" because the Longshore and Harbor Workers' Compensation Act ("LHWCA") provided the real parties in interest's exclusive remedy arising from Lewis's death. The trial court denied the motion.

Seventeen months later, Shippers moved unsuccessfully for partial summary judgment on the grounds that it is a subscriber to the Texas Workers' Compensation Act and therefore exempt from liability on claims of negligence and negligence per se arising from Lewis's death. Shippers petitioned this court for a writ of mandamus compelling the trial court to reverse its denial of the motion, and this court denied the requested relief. *In re Shippers Stevedoring Co.*, No. 14–08–00031–CV, 2008 WL 256940 (Tex.App.-Houston [14th Dist.] Jan. 31, 2008, orig. proceeding) (per curiam) (mem.op.).

On February 12, 2008, Shippers filed a plea to the jurisdiction in which it argued that the probate court lacks subject-matter jurisdiction over the claims asserted against Shippers because (a) the LHWCA provides the exclusive remedies arising from Lewis's death, and (b) the Department of Labor has exclusive original jurisdiction to adjudicate claims arising under the LHWCA. According to Shippers, the probate court would usurp the Department of Labor's authority if allowed to proceed to trial on the asserted claims. The trial court initially granted the requested relief, but after a successful motion for reconsideration, the trial court denied the plea to the jurisdiction. Shippers now petitions the court for a writ of mandamus compelling the trial court to reverse its ruling, grant Shippers's plea, and dismiss the claims against it.

## II. ISSUES PRESENTED

In two issues, Shippers contends that the trial court abused its discretion by denying Shippers's plea to the jurisdiction, and more specifically, by basing that denial "on a supposed Texas 'twilight zone'" of overlapping jurisdiction between the LHWCA and the Texas Workers' Compensation Act.

## III. STANDARD OF REVIEW

 To demonstrate entitlement to mandamus relief, a relator must show that the trial court committed a clear abuse of discretion and there is no adequate remedy by appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex.2005) (orig.proceeding); *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004) (orig.proceeding). A trial court abuses its discretion when it fails to correctly apply the law. *Ford Motor*, 165 S.W.3d at 317; *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992) (orig.proceeding). Even if the area of law is unsettled, the trial court abuses its discretion in reaching an erroneous legal conclusion. *Huie v. DeShazo*, 922 S.W.2d 920, 927–28 (Tex.1996).

---

1. The consolidated cases originally bore cause numbers 364,336–401; 361,074–402; 361,- 075–402; and 361,076–402.

## IV. ANALYSIS

To clarify the arguments presented, we begin with a brief overview of the history and application of the LHWCA.

### A. Concurrent Jurisdiction of Federal and State Compensation Schemes

The LHWCA is a federal, no-fault workers' compensation scheme enacted in 1927 to provide compensation for work-related injuries or death of nonseaman maritime workers. *Longmire v. Sea Drilling Corp.*, 610 F.2d 1342, 1349 (5th Cir.1980). Before 1972, compensation under the LHWCA was limited to employee injuries sustained on navigable waters and dry docks. *Dir., Office of Workers' Comp. Programs, U.S. Dep't of Labor v. Perini N. River Assocs.*, 459 U.S. 297, 299, 103 S.Ct. 634, 74 L.Ed.2d 465 (1983). Such injuries were covered under the LHWCA regardless of whether they also were covered by a state workers' compensation scheme. *Calbeck v. Travelers Ins. Co.*, 370 U.S. 114, 124, 82 S.Ct. 1196, 8 L.Ed.2d 368 (1962). Coverage under the LHWCA generally stopped at the water's edge, and the states were left to legislate their own workers' compensation schemes on the landward side of that line. *Longmire*, 610 F.2d at 1349.

In 1972, Congress amended the Act to extend LHWCA coverage to certain adjoining areas of land. *Id.* Although it became possible for land-based injuries to nonseaman maritime workers to be subject to both the state and federal workers' compensation scheme, each act purported to be exclusive. *See* 33 U.S.C.A. § 905 (West 2001); TEX. LAB.CODE ANN. § 408.001 (Vernon 2006). This raised the question of whether state or federal law applied to such claims. A state law that conflicts with federal law is preempted and without effect. U.S. CONST. art. VI, cl. 2; *Maryland v. Louisiana*, 451 U.S. 725, 746, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981); *Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 426 (Tex.2005) (per curiam). The question of the extent to which such laws conflicted was not resolved by referring solely to the text of either legislation.

The Texas Workers' Compensation Act provides that "[r]ecovery of workers' compensation benefits *is the exclusive remedy* of an employee covered by workers' compensation insurance coverage or a legal beneficiary *against the employer* or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." TEX. LAB.CODE ANN. § 408.001(emphasis added). Likewise, the LHWCA provides in relevant part:

> The liability of an employer prescribed in section 904 of this title *shall be exclusive and in place of all other liability of such employer* to the employee, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death....

33 U.S.C.A. § 905 (emphasis added). At a glance, then, it might appear that the LHWCA preempts all state law claims against a covered workers' employer, including claims asserted under state workers' compensation legislation. This, however, is not the case.

The exception to this rule is articulated in *Sun Ship, Inc. v. Pennsylvania*, 447 U.S. 715, 100 S.Ct. 2432, 65 L.Ed.2d 458 (1980). In *Sun Ship*, the United States Supreme Court described the "jurisdictional dilemma" that would result if there were no overlap between the state and federal compensation schemes, and recalled the risk of prejudice to injured workers that would result from "compelling laborers to seek relief under two mutually exclusive remedial systems...." *Id.* at 720, 100 S.Ct. 2432. As the Court explained, such

an approach would be "defeat[ing] the purpose of the federal act, which seeks to give 'to these hardworking men, engaged in a somewhat hazardous employment, the justice involved in the modern principle of compensation,' and the state acts ... which ai[m] at 'sure and certain relief for workmen.'" *Id.* (quoting *Davis v. Dep't of Labor & Indus. of Wash.,* 317 U.S. 249, 254, 63 S.Ct. 225, 87 L.Ed. 246 (1946)). Thus, the Court concluded that state workers' compensation laws share concurrent jurisdiction with the LHWCA,[2] and "if state remedial schemes are more generous than federal law, concurrent jurisdiction could result in more favorable awards for workers' injuries than under an exclusively federal compensation system."[3] Moreover, concurrent jurisdiction presented no danger of double recovery "since employers' awards under one compensation scheme would be credited against any recovery under the second scheme." *Id.* at 725 n. 8, 100 S.Ct. 2432 (citing *Calbeck,* 370 U.S. at 131, 82 S.Ct. 1196).

■ The *Sun Ship* exception to federal preemption is narrow and does not extend beyond those claims encompassed by the state workers' compensation act. The United States Supreme Court has further clarified the construction of section 905 of the LHWCA and explained that, aside from the *Sun Ship* exception of "some state workers' compensation claims," the LHWCA "expressly preempts *all* other claims" against an employer or vessel owner by reason of a nonseaman maritime employee's land-based injury or death.

*Norfolk Shipbuilding & Drydock Corp. v. Garris,* 532 U.S. 811, 818–19, 121 S.Ct. 1927, 150 L.Ed.2d 34 (2001) (emphasis added) (distinguishing heir's claims under the Virginia wrongful-death statute against a negligent third-party that neither employed the decedent nor owned the vessel on which the accident occurred).

■ In effect, then, the LHWCA preempts all negligence claims[4] asserted under state wrongful-death statutes[5] against the workers' employer and provides the exclusive remedy for such claims to the workers' estate and heirs, except for claims compensable under the state worker's compensation act.[6] In Texas, the claimant's choice of remedies is made simpler still, because "a person covered by a method of compensation established under federal law" is not subject to the state Workers' Compensation Act at all. TEX. LAB.CODE ANN. § 406.091(a)(2) (Vernon 2006).

Against this backdrop we consider the issues and arguments presented.

## B. Claims of the Real Parties in Interest

Although a plea to the jurisdiction should be decided without delving into the merits of the case, the claims form the context against which the plea is raised. *Bland Indep. Sch. Dist. v. Blue,* 34 S.W.3d 547, 554 (Tex.2000). Here, the real parties in interest contend they "are entitled to elect between the compensation system in place in the federal system—the LHWCA—and the compensation system in

---

**2.** *Id.* at 723–24, 100 S.Ct. 2432.

**3.** *Id.* at 724, 100 S.Ct. 2432.

**4.** *Cf.* 33 U.S.C.A. § 902(2) (defining "injury" to include occupational diseases or infections, an *"accidental injury or death* arising out of and in the course of employment," and "an injury caused by the willful act of a third

person directed against an employee because of his employment.") (emphasis added).

**5.** *See Norfolk Shipbuilding,* 532 U.S. at 818, 121 S.Ct. 1927.

**6.** No intentional torts are at issue in this case, and we express no opinion regarding the preemption of such claims.

place in Texas—the workers' compensation system."[7] They contend they have chosen to pursue remedies under the state workers' compensation scheme, and because persons who are covered by the LHWCA are exempt from the Texas Workers' Compensation Act (and similarly excluded from Shippers' state workers' compensation insurance coverage), they characterize Shippers as a "nonsubscriber" to workers' compensation coverage—at least, with regard to Lewis. They further reason that, because non-subscribing employers waive the defenses available against negligence claims under the Texas Workers' Compensation Act and instead may be sued directly under the Wrongful Death Act, they likewise must be permitted to sue Shippers directly under the Wrongful Death Act. In sum, Lewis's estate and survivors contend that Shippers has lost the defenses provided by both the federal and state compensation acts because Shippers lacks state workers' compensation insurance covering Lewis, even though Lewis is exempt from the Texas Workers' Compensation Act as a matter of law.[8]

### C. Shippers's Plea to the Jurisdiction

■ In its plea to the jurisdiction, Shippers argued that the trial court lacked subject-matter jurisdiction over the claims asserted against it because the U.S. Department of Labor has exclusive jurisdiction to determine all questions involving liability for Lewis's death. As explained in *Sun Ship*, a state has concurrent jurisdiction to provide a workers' compensation scheme applicable to the land-based injuries of nonseaman maritime workers. Our state legislature, however, has exempted such workers from the Texas Workers' Compensation Act; thus, Texas workers' compensation law currently provides no alternative remedy to the compensation scheme set forth in the LHWCA.[9] Here, the parties agree that Lewis was killed in the course of her employment as a checker and therefore was covered by the LHWCA.[10] Shippers next points out that because Lewis was covered by the LHWCA, she was not subject to the Texas Workers' Compensation Act, and thus, the exclusive remedies against Shippers for negligence claims arising from Lewis's death are those provided in the LHWCA. *See* 33 U.S.C.A. § 905; Tex. Lab.Code Ann. § 406.091. From these premises, Shippers reasons that the U.S. Department of Labor has exclusive original jurisdiction to make an initial determination of the merits of the real parties in interest's claims. Thus, Shippers concludes, the probate court lacks subject-matter jurisdiction over the claims asserted against Shippers.

### D. Application of the Plea to the Jurisdiction to the State Law Claims

■ In effect, Shippers treats the real parties in interest's claims under the state wrongful-death and survival statutes as if the parties actually sought compensation under the LHWCA. The real parties in interest, however, do not assert claims for compensation under the LHWCA. As

---

7. Real Parties' Response to Shippers'[s] Petition for Writ of Mandamus on Federal Preemption and Exclusive Jurisdiction ("Response"), at 10.

8. *See* Tex. Lab.Code Ann. § 406.091.

9. *Id.*

10. The parties do not dispute that, as a "checker," Chavon Lewis was covered under

the LHWCA. *See Ne. Marine Terminal Co., Inc. v. Caputo*, 432 U.S. 249, 271, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977) (holding that employee whose "job was to check and mark items of cargo as they were unloaded from a container" is covered by the LHWCA under the 1972 amendments) (citing S.Rep. 13; H.R.R. Rep.No. 92-1441, at 11, U.S.Code Cong. & Admin.News 1972, pp. 4698, 4708).

plaintiffs, each real party in interest "is master to decide what law he will rely upon," [11] and here, each plaintiff has brought against Shippers only state-law claims pursuant to the wrongful-death and survival statutes. By arguing that such claims are preempted, Shippers has raised an affirmative defense. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("Federal preemption is ordinarily a federal defense to the plaintiffs' suit."); *Harrill v. A.J.'s Wrecker Serv., Inc.*, 27 S.W.3d 191, 194 (Tex.App.-Dallas 2000, pet. dism'd w.o.j) ("Preemption is an affirmative defense."). But regardless of the merit of that defense to the specific claims pleaded in this case— a question that we do not reach—its assertion does not deprive the state trial court of subject-matter jurisdiction. *See Mills v. Warner Lambert Co.*, 157 S.W.3d 424, 426 (Tex.2005) (per curiam) (stating that federal preemption is generally an affirmative defense to suit but does not ordinarily deprive a state court of jurisdiction). Moreover, we will not recharacterize the state-law claims asserted by the real parties in interest as federal claims. *See Aaron v. Nat'l Union Fire Ins. Co. of Pittsburg, Pa.*, 876 F.2d 1157, 1164–65 (5th Cir.1989) (concluding that LHWCA did not so preempt field of state law that state action for wrongful death of the longshoreman had to be recharacterized as stating federal cause of action, as would authorize removal), *cert. denied*, 493 U.S. 1074, 110 S.Ct. 1121, 107 L.Ed.2d 1028 (1990); *Tex. Employers' Ins. Ass'n v. Jackson*, 862 F.2d 491 (5th Cir.1988) (holding that rights created by the LHWCA are not uniquely federal rights enforceable in federal court of equity so as to permit injunction against state court action based on state law claims which are preempted by the Act),

*cert. denied*, 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 404 (1989). The trial court therefore did not abuse its discretion in denying Shippers's plea to the jurisdiction concerning these claims. *See Mills*, 157 S.W.3d at 425 ("State-court jurisdiction is affected only when Congress requires that claims be addressed exclusively in a federal forum."); *Romney v. Lin*, 105 F.3d 806, 813 (2d Cir.1997) ("There are thus some cases in which a state law cause of action is preempted, but only a state court has jurisdiction to so rule.").

## V. CONCLUSION

Because relator Shippers has failed to show that the probate court lacks subject-matter jurisdiction over the claims asserted, it has failed to establish its entitlement to the extraordinary relief of a writ of mandamus. We therefore deny relator's petition for writ of mandamus.

---

11. *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25, 33 S.Ct. 410, 57 L.Ed. 716 (1913).