Petition for Writ of Mandamus Denied and Opinion filed November 20, 2008








Petition for
Writ of Mandamus Denied and
Opinion filed November 20, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00438-CV

____________

 

IN RE SHIPPERS STEVEDORING COMPANY, Relator

 



 

ORIGINAL
PROCEEDING

WRIT OF MANDAMUS

 



 

O P I N I O N

On May 29, 2008, relator, Shippers Stevedoring Company (AShippers@), filed a
petition for writ of mandamus in this court.  See Tex. Gov=t Code Ann. ' 22.221 (Vernon
2004); see also Tex. R. App. P. 52.  In the petition,
relator asks this court to compel the Honorable Rory R. Olsen, presiding judge
of Probate Court Number Three, Harris County, Texas, to vacate his May 12, 2008
order denying relator=s plea to the jurisdiction and to grant
the same.  Because Shippers has not established its entitlement to the
extraordinary relief of a writ of mandamus, we deny its petition for writ of
mandamus.








I.  Factual and Procedural Background

Chavon Lewis was crushed by a forklift while working as a
checker for Shippers Stevedoring at a Port of Houston dock on the Houston Ship
Channel.  Her heirs and estate, the real parties in interest in this
proceeding, brought wrongful death and survival claims which ultimately were
consolidated in Harris County Probate Court No. 3.[1] 
In February 2006, Shippers filed a motion for final summary judgment, asserting
that it is Aimmune from any tort action brought by Plaintiffs as a
matter of law@ because the Longshore and Harbor Workers= Compensation Act
(ALHWCA@) provided the
real parties in interest=s exclusive remedy arising from Lewis=s death.  The
trial court denied the motion. 

Seventeen months later, Shippers moved unsuccessfully for
partial summary judgment on the grounds that it is a subscriber to the Texas
Workers= Compensation Act
and therefore exempt from liability on  claims of negligence and negligence per
se arising from Lewis=s death.  Shippers petitioned this court
for a writ of mandamus compelling the trial court to reverse its denial of the
motion, and this court denied the requested relief.  In re Shippers
Stevedoring Co., No. 14‑08‑00031‑CV, 2008 WL 256940 (Tex.
App.CHouston [14th
Dist.] Jan. 31, 2008, orig. proceeding) (per curiam) (mem. op.).








On February 12, 2008, Shippers filed a plea to the
jurisdiction in which it argued that the probate court lacks subject-matter
jurisdiction over the claims asserted against Shippers because (a) the
LHWCA provides the exclusive remedies arising from Lewis=s death, and
(b) the Department of Labor has exclusive original jurisdiction to
adjudicate claims arising under the LHWCA.  According to Shippers, the probate
court would usurp the Department of Labor=s authority if
allowed to proceed to trial on the asserted claims.  The trial court initially
granted the requested relief, but after a successful motion for reconsideration,
the trial court denied the plea to the jurisdiction.  Shippers now petitions
the court for a writ of mandamus compelling the trial court to reverse its
ruling, grant Shippers=s plea, and dismiss the claims against it.

II.  Issues Presented

In two issues, Shippers contends that the trial court
abused its discretion by denying Shippers=s plea to the
jurisdiction, and more specifically, by basing that denial Aon a supposed
Texas >twilight zone=@ of overlapping
jurisdiction between the LHWCA and the Texas Workers= Compensation Act.

III.  Standard of Review

To demonstrate entitlement to mandamus relief, a relator
must show that the trial court committed a clear abuse of discretion and there
is no adequate remedy by appeal.  In re Ford Motor Co., 165 S.W.3d 315,
317 (Tex. 2005) (orig. proceeding); In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 135B36 (Tex. 2004) (orig. proceeding).  A
trial court abuses its discretion when it fails to correctly apply the law.  Ford
Motor, 165 S.W.3d at 317; Walker v. Packer, 827 S.W.2d 833, 839
(Tex. 1992) (orig. proceeding).  Even if the area of law is unsettled, the
trial court abuses its discretion in reaching an erroneous legal conclusion.  Huie
v. DeShazo, 922 S.W.2d 920, 927B28 (Tex. 1996).

IV.  Analysis

To clarify the arguments presented, we begin with a brief
overview of the history and application of the LHWCA.

A.      Concurrent
Jurisdiction of Federal and State Compensation Schemes 








The LHWCA is a federal, no-fault workers= compensation
scheme enacted in 1927 to provide compensation for work-related injuries or
death of nonseaman maritime workers.  Longmire v. Sea Drilling Corp.,
610 F.2d 1342, 1349 (5th Cir. 1980).  Before 1972, compensation under the LHWCA
was limited to employee injuries sustained on navigable waters and dry docks.  Dir.,
Office of Workers= Comp. Programs, U. S. Dep=t of Labor v.
Perini N. River Assocs., 459 U.S. 297, 299 (1983).  Such injuries were
covered under the LHWCA regardless of whether they also were covered by a state
workers= compensation
scheme.  Calbeck v. Travelers Ins. Co., 370 U.S. 114, 124 (1962). 
Coverage under the LHWCA generally stopped at the water=s edge, and the
states were left to legislate their own workers= compensation
schemes on the landward side of that line.  Longmire, 610 F.2d at 1349.

In 1972, Congress amended the Act to extend LHWCA coverage
to certain adjoining areas of land.  Id.  Although it became possible
for land-based injuries to nonseaman maritime workers to be subject to both the
state and federal workers= compensation scheme, each act purported
to be exclusive.  See 33 U.S.C.A. ' 905 (West
2001); Tex. Lab. Code Ann. ' 408.001 (Vernon
2006).  This raised the question of whether state or federal law applied to
such claims.  A state law that conflicts with federal law is preempted and
without effect.  U.S. Const. art.
VI, cl. 2;  Maryland v. Louisiana, 451 U.S. 725, 746 (1981); Mills v.
Warner Lambert Co., 157 S.W.3d 424, 426 (Tex. 2005) (per curiam).  The
question of the extent to which such laws conflicted was not resolved by
referring solely to the text of either legislation.  

The Texas Workers= Compensation Act
provides that A[r]ecovery of workers= compensation
benefits is the exclusive remedy of an employee covered by workers= compensation
insurance coverage or a legal beneficiary against the employer or an
agent or employee of the employer for the death of or a work‑related
injury sustained by the employee.@  Tex. Lab. Code Ann. ' 408.001(emphasis
added).  Likewise, the LHWCA provides in relevant part: 

The liability of an employer
prescribed in section 904 of this title shall be exclusive and in place of
all other liability of such employer to the employee, his legal
representative, husband or wife, parents, dependents, next of kin, and anyone
otherwise entitled to recover damages from such employer at law or in admiralty
on account of such injury or death . . . .








33
U.S.C.A. ' 905 (emphasis added).  At a glance, then, it
might appear that the LHWCA preempts all state law claims against a covered
workers= employer, including
claims asserted under state workers= compensation
legislation.  This, however, is not the case.

The exception to this rule is articulated in Sun Ship,
Inc. v. Pennsylvania, 447 U.S. 715 (1980).  In Sun Ship, the United
States Supreme Court described the Ajurisdictional
dilemma@ that would result
if there were no overlap between the state and federal compensation schemes,
and recalled the risk of prejudice to injured workers that would result from Acompelling
laborers to seek relief under two mutually exclusive remedial
systems . . . .@  Id. at
720.  As the Court explained, such an approach would be Adefeat[ing] the
purpose of the federal act, which seeks to give >to these
hardworking men, engaged in a somewhat hazardous employment, the justice
involved in the modern principle of compensation,= and the state
acts . . . which ai[m] at >sure and certain
relief for workmen.=@ Id.
(quoting Davis v. Dep=t of Labor &
Indus. of Wash., 317 U.S. 249, 254 (1946)).  Thus, the Court concluded
that state workers= compensation laws share concurrent
jurisdiction with the LHWCA,[2]
and Aif state remedial
schemes are more generous than federal law, concurrent jurisdiction could
result in more favorable awards for workers= injuries than
under an exclusively federal compensation system.@[3]  Moreover,
concurrent jurisdiction presented no danger of double recovery Asince employers= awards under one
compensation scheme would be credited against any recovery under the second
scheme.  Id. at 725 n.8 (citing Calbeck, 370 U.S. at 131). 








The Sun Ship exception to federal preemption is
narrow and does not extend beyond those claims encompassed by the state workers= compensation
act.  The United States Supreme Court has further clarified the construction of
section 905 of the LHWCA and explained that, aside from the Sun Ship
exception of Asome state workers= compensation
claims,@ the LHWCA Aexpressly preempts
all other claims@ against an employer or vessel owner by
reason of a nonseaman maritime employee=s land-based
injury or death.  Norfolk Shipbuilding & Drydock Corp. v. Garris,
532 U.S. 811, 818B19 (2001) (emphasis added) (distinguishing
heir=s claims under the
Virginia wrongful‑death statute against a negligent third-party that
neither employed the decedent nor owned the vessel on which the accident
occurred). 

In effect, then, the LHWCA preempts all negligence claims[4]
asserted under state wrongful‑death statutes[5]
against the workers= employer and provides the exclusive
remedy for such claims to the workers= estate and heirs,
except for claims compensable under the state worker=s compensation
act.[6] 
In Texas, the claimant=s choice of remedies is made simpler
still, because Aa person covered by a method of
compensation established under federal law@ is not subject to
the state Workers= Compensation Act at all.  Tex. Lab. Code Ann. ' 406.091(a)(2)
(Vernon 2006).

Against this backdrop we consider the issues and arguments
presented.

B.      Claims of
the Real Parties in Interest








Although a plea to the jurisdiction should be decided
without delving into the merits of the case, the claims form the context
against which the plea is raised.  Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 554 (Tex. 2000).  Here, the real parties in interest contend they Aare entitled to
elect between the compensation system in place in the federal systemCthe LHWCACand the
compensation system in place in TexasCthe workers= compensation
system.@[7]  They contend
they have chosen to pursue remedies under the state workers= compensation
scheme, and because  persons who are covered by the LHWCA are exempt from the
Texas Workers= Compensation Act (and similarly excluded from
Shippers= state workers= compensation
insurance coverage), they characterize Shippers as a Anonsubscriber@ to workers= compensation
coverageCat least, with
regard to Lewis.  They further reason that, because non-subscribing employers 
waive the defenses available against negligence claims under the Texas Workers= Compensation Act
and instead may be sued directly under the Wrongful Death Act, they likewise
must be permitted to sue Shippers directly under the Wrongful Death Act.  In
sum, Lewis=s estate and survivors contend that Shippers has lost
the defenses provided by both the federal and state compensation acts because
Shippers lacks state workers= compensation insurance covering Lewis,
even though Lewis is exempt from the Texas Workers= Compensation Act
as a matter of law.[8]


C.      Shippers=s Plea to the
Jurisdiction








In its plea to the jurisdiction, Shippers argued that the
trial court lacked subject-matter jurisdiction over the claims asserted against
it because the U. S. Department of Labor has exclusive jurisdiction to
determine all questions involving liability for Lewis=s death.  As
explained in Sun Ship, a state has concurrent jurisdiction to provide a
workers= compensation
scheme applicable to the land-based injuries of nonseaman maritime workers. Our
state legislature, however, has exempted such workers from the Texas Workers= Compensation Act;
thus, Texas workers= compensation law currently provides no
alternative remedy to the compensation scheme set forth in the LHWCA.[9] 
Here, the parties agree that Lewis was killed in the course of her employment
as a checker and therefore was covered by the LHWCA.[10] 
Shippers next points out that because Lewis was covered by the LHWCA, she was
not subject to the Texas Workers= Compensation Act,
and thus, the exclusive remedies against Shippers for negligence claims arising
from Lewis=s death are those provided in the LHWCA.  See  33
U.S.C.A. ' 905; Tex.
Lab. Code Ann. ' 406.091.  From these premises, Shippers
reasons that the U.S. Department of Labor has exclusive original jurisdiction
to make an initial determination of the merits of the real parties in interest=s claims.  Thus,
Shippers concludes, the probate court lacks subject-matter jurisdiction over
the claims asserted against Shippers. 

D.      Application
of the Plea to the Jurisdiction to the State Law Claims








In effect, Shippers treats the real parties in interest=s claims under the
state wrongful-death and survival statutes as if the parties actually sought
compensation under the LHWCA.  The real parties in interest, however, do not
assert claims for compensation under the LHWCA.  As plaintiffs, each real party
in interest Ais master to decide what law he will rely upon,@[11] and here, each
plaintiff has brought against Shippers only state-law claims pursuant to the
wrongful-death and survival statutes.  By arguing that such claims are
preempted, Shippers has raised an affirmative defense.  Metro. Life Ins. Co.
v. Taylor, 481 U.S. 58, 63 (1987) (AFederal
pre-emption is ordinarily a federal defense to the plaintiffs= suit.@); Harrill v.
A.J.=s Wrecker Serv., Inc., 27 S.W.3d 191,
194 (Tex. App.CDallas 2000, pet. dism=d w.o.j) (APreemption is an
affirmative defense.@).  But regardless of the merit of that
defense to the specific claims pleaded in this caseCa question that we
do not reachCits assertion does not deprive the state trial court
of subject-matter jurisdiction.  See Mills v. Warner Lambert Co., 157
S.W.3d 424, 426 (Tex. 2005) (per curiam) (stating that federal preemption is
generally an affirmative defense to suit but does not ordinarily deprive a
state court of jurisdiction).  Moreover, we will not recharacterize the
state-law claims asserted by the real parties in interest as federal claims.  See
Aaron v. Nat=l Union Fire Ins. Co. of Pittsburg,
Pa.,
876 F.2d 1157, 1164B65 (5th Cir. 1989) (concluding that LHWCA
did not so preempt field of state law that state action for wrongful death of
the longshoreman had to be recharacterized as stating federal cause of action,
as would authorize removal), cert. denied,  493 U.S. 1074 (1990); Tex.
Employers= Ins. Ass=n v. Jackson, 862 F.2d 491
(5th Cir. 1988) (holding that rights created by the LHWCA are not uniquely
federal rights enforceable in federal court of equity so as to permit
injunction against state court action based on state law claims which are
preempted by the Act), cert. denied, 490 U.S. 1035 (1989).  The trial
court therefore did not abuse its discretion in denying Shippers=s plea to the
jurisdiction concerning these claims.  See Mills, 157 S.W.3d at 425 (AState-court
jurisdiction is affected only when Congress requires that claims be addressed
exclusively in a federal forum.@); Romney v. Lin, 105 F.3d 806, 813
(2d Cir. 1997) (AThere are thus some cases in which a state
law cause of action is preempted, but only a state court has jurisdiction to so
rule.@).

V.  Conclusion

Because relator Shippers has failed to show that the probate
court lacks subject‑matter jurisdiction over the claims asserted, it has
failed to establish its entitlement to the extraordinary relief of a writ of
mandamus.  We therefore deny relator=s petition for
writ of mandamus.

 

 

 

/s/      Eva M. Guzman

Justice

 

Petition Denied
and Opinion filed November 20, 2008.

Panel consists of
Chief Justice Hedges and Justices Guzman and Boyce.









[1]  The consolidated cases originally bore cause numbers
364,336-401; 361,074-402; 361,075-402; and 361,076-402.





[2]  Id. at 723B24.





[3]  Id. at 724.





[4]  Cf. 33 U.S.C.A. ' 902(2) (defining Ainjury@ to include occupational diseases or infections, an Aaccidental injury or death arising out of and in the course of employment,@ and Aan injury
caused by the willful act of a third person directed against an employee
because of his employment.@) (emphasis
added). 





[5]  See Norfolk Shipbuilding, 532 U.S. at 818.





[6]  No intentional torts are at issue in this case, and
we express no opinion regarding the preemption of such claims.  





[7]  Real Parties=
Response to Shippers=[s] Petition for Writ of Mandamus on Federal
Preemption and Exclusive Jurisdiction (AResponse@), at 10.





[8]  See Tex.
Lab. Code Ann. ' 406.091.





[9]  Id.





[10]  The parties do not dispute that, as a Achecker,@
Chavon Lewis was covered under the LHWCA.  See Ne. Marine Terminal Co., Inc.
v. Caputo, 432 U.S. 249, 271 (1977) (holding that employee whose Ajob was to check and mark items of cargo as they were
unloaded from a container@ is covered by the LHWCA under the 1972 amendments)
(citing S.Rep. 13; H.R.R. Rep. 11, U.S. Code Cong. & Admin. News 1972, p.
4708).





[11]  The Fair v. Kohler Die & Specialty Co.,
228 U.S. 22, 25 (1913).