

# NUMBER 13-12-00253-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE JESUS MENDOZA

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Vela, and Perkes
### Memorandum Opinion Per Curiam[1]

Relator, Jesus Mendoza, proceeding pro se, filed a petition for writ of mandamus on April 20, 2012, through which he seeks to set aside several rulings in his underlying divorce proceedings. Specifically, he seeks to set aside: (1) an order granting a motion for temporary orders filed by the real party in interest, relator's wife, Silvia Mendoza, (2) an order denying relator's "Application for Ex Parte Protective Orders," and (3) an order denying relator's "Motion to Appear by Teleconference to Judicial Proceedings."

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

Relator also filed several motions in conjunction with the petition for writ of mandamus. For the reasons stated herein, we deny the petition for writ of mandamus.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., LP*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A party has an adequate remedy by appeal when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *see also In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances and is better guided by general principles than simple rules. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137. An appeal is inadequate when the parties are in danger of permanently losing substantial rights, such as when the appellate court would not be able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam).

The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston

2

[1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we DENY the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a). With regard to the motions filed with the petition for writ of mandamus that have not been previously disposed of, we GRANT relator's "Motion to Waive Number of Copies Required for Filing a Petition for Writ of Mandamus" and "Motion to Proceed Without Payment of Fees and Costs." We DENY relator's "Motion for Emergency Stay."

It is so ORDERED.

PER CURIAM

Delivered and filed this
23rd day of April, 2012.