

NUMBER 13-12-00337-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

IN RE: BARRY DWAYNE MINNFEE

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

**Before Justices Benavides, Vela, and Perkes**
**Memorandum Opinion Per Curiam[1]**

Relator, Barry Dwayne Minnfee, proceeding pro se, filed a petition for writ of

mandamus on May 17, 2012.[2]  The petition for writ of mandamus is unclear regarding

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

[2] The Court has considered and dismissed or denied numerous other pro se original proceedings or pro se appeals filed by relator.  *See generally In re Minnfee,* No. 13-12-00313-CV, 2012 Tex. App. LEXIS ___, at *_ (Tex. App.—Corpus Christi May 10, 2012, orig. proceeding) (mem. op. per curiam), *In re Minnfee*, No. 13-12-00183-CV, 2012 Tex. App. LEXIS 2253, at *4 (Tex. App.—Corpus Christi Mar. 21, 2012, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00579-CV, 2011 Tex. App. LEXIS 8024, at *4 (Tex. App.—Corpus Christi Oct. 6, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00569-CV, 2011 Tex. App. LEXIS 8023, at *4 (Tex. App.—Corpus Christi Oct. 5, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee,* No. 13-11-00530-CV, 2011 Tex. App. LEXIS 6929, at **3–4 (Tex. App.—Corpus Christi Aug. 24, 2011, orig. proceeding) (mem. op. per curiam); *Minnfee v. Sweetin*, No. 13-11-00152-CV, 2011 Tex. App. LEXIS 4972, at **1–2 (Tex. App.—Corpus

the specific actions or orders complained of in this original proceeding, the identity of the respondent or the real parties in interest, or the nature of the extraordinary relief sought by relator.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to constitute a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., LP*, 164 S.W.3d 379, 382 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A party has an adequate remedy by appeal when any benefits to mandamus review are outweighed by the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136; *see also In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). Whether an appellate remedy is adequate so as to preclude mandamus review depends heavily on the circumstances and is better guided by general principles than simple rules. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 137. An appeal is inadequate when the parties are in danger of permanently losing substantial rights, such as when the appellate court would not be

Christi June 30, 2011, no pet.) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00399-CV, 2011 Tex. App. LEXIS 4973, at **1–2 (Tex. App.—Corpus Christi June 30, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00368-CV, 2011 Tex. App. LEXIS 4498, at **1–2 (Tex. App.—Corpus Christi June 13, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-11-00360-CV, 2011 Tex. App. LEXIS 4373, at **1–2 (Tex. App.—Corpus Christi June 9, 2011, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00429-CV, 2009 Tex. App. LEXIS 5836, at **1–2 (Tex. App.—Corpus Christi July 28, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00268-CV, 2009 Tex. App. LEXIS 5030, at **1–2 (Tex. App.—Corpus Christi May 18, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnifee*, No. 13-09-108-CV, 2009 Tex. App. LEXIS 4933 (Tex. App.—Corpus Christi Apr. 2, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-09-00108-CV, 2009 Tex. App. LEXIS 1559, at *1 (Tex. App.—Corpus Christi Feb. 27, 2009, orig. proceeding) (mem. op. per curiam); *In re Minnfee*, No. 13-08-00561-CV, 2008 Tex. App. LEXIS 7946 , at **1–2 (Tex. App.—Corpus Christi Oct. 15, 2008, orig. proceeding) (mem. op. per curiam).

able to cure the error, the party's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *In re Van Waters & Rogers, Inc.*, 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding) (per curiam).

The relator has the burden of establishing both prerequisites to mandamus relief, and this burden is a heavy one. *In re CSX Corp.*, 124 S.W.3d 149, 151 (Tex. 2003) (orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks.").

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain mandamus relief. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36. Accordingly, we DENY the petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PER CURIAM

Delivered and filed the
24th day of May, 2012.

3