**In re FORD MOTOR COMPANY, Relator.**

No. 05–0374.

Supreme Court of Texas.

May 27, 2005.

**2.** *In re Gawerc,* 01–04–01179–CV, 2004 WL 2611498 (Tex.App.-Houston [1st Dist.] Nov. 18, 2004, orig. proceeding).

Michael W. Eady, Thompson, Coe, Cousins & Irons, L.L.P., Jose Santiago Solis, Harlingen, Craig A. Morgan, Austin, and Jaime A. Saenz, Rodriguez, Colvin Chaney & Saenz, L.L.P., Brownsville, for Relator.

Michael Matthew Guerra, Mikal C. Watts, John Gregory Escamilla, Watts Law Firm, L.L.P., McAllen, Thomas O. Matlock Jr., College Station, TX, for Real Party.

J. Michael Myers, Ball & Weed, P.C., San Antonio, for other.

PER CURIAM.

On May 28, 2004, Robin Fuentes, her husband, and her two children were involved in a car accident. Fuentes suffered serious injuries that rendered her a quadriplegic. Less than three months later, the Fuentes family sued Ford Motor Company, Goodyear Tire & Rubber Company, and the tire repair shop that installed tires on the pick-up truck for damages arising from an alleged tire failure that caused the truck to roll over. The case was set for trial to commence on May 16, 2005, less than nine months after it was filed. On April 1, 2005, Ford filed a motion for legislative continuance under Section 30.003 of the Texas Civil Practice and Remedies Code. On April 21, 2005, the trial court held a hearing on the motion. Four days later, the trial court denied the motion and set the case for trial on May 31, 2005. The court of appeals denied Ford's petition for writ of mandamus, and on May 13, 2005, Ford filed its petition with this Court.

■ To be entitled to mandamus relief, Ford must show that the trial court committed a clear abuse of discretion and that it has no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.2004); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion if " 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' " or if it clearly fails to correctly analyze or apply the law. *Walker*, 827 S.W.2d at 839, 840 (quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985)). Although this Court has acknowledged that the second requirement for mandamus relief "has no comprehensive definition," we have explained that determining whether a party has an adequate remedy by appeal requires a "careful balance of jurisprudential considerations" that "implicate both public and private interests." *In re Prudential*, 148 S.W.3d at 136. "When the benefits [of mandamus review] outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *Id.*

Section 30.003 of the Texas Civil Practice and Remedies Code provides that a court shall grant a motion for continuance if an attorney representing a party is a member of the legislature and will be at-

tending a legislative session. Specifically, the statute provides as follows:

(a) This section applies to any criminal or civil suit, including matters of probate, and to any matters ancillary to the suit that require action by or the attendance of an attorney, including appeals but excluding temporary restraining orders.

(b) Except as provided by Subsections (c) and (c–1), at any time within 30 days of a date when the legislature is to be in session, at any time during a legislative session, or when the legislature sits as a constitutional convention, the court on application shall continue a case in which a party applying for the continuance or the attorney for that party is a member or member-elect of the legislature and will be or is attending a legislative session. The court shall continue the case until 30 days after the date on which the legislature adjourns.

(c) Except as provided by Subsection (c–1), if the attorney for a party to the case is a member or member-elect of the legislature who was employed on or after the 30th day before the date on which the suit is set for trial, the continuance is discretionary with the court.

(c–1) If the attorney for a party to any criminal case is a member or member-elect of the legislature who was employed on or after the 15th day before the date on which the suit is set for trial,

the continuance is discretionary with the court.

(d) The party seeking the continuance must file with the court an affidavit stating the grounds for the continuance. The affidavit is proof of the necessity for a continuance. The affidavit need not be corroborated.

(e) If the member of the legislature is an attorney for a party, the affidavit must contain a declaration that it is the attorney's intention to participate actively in the preparation or presentation of the case and that the attorney has not taken the case for the purpose of obtaining a continuance under this section.

(f) The continuance provided by Subsection (b) is one of right and may not be charged against the party receiving it on any subsequent application for continuance.

Tex. Civ. Prac. & Rem.Code § 30.003(a)-(f). The statute provides that when a lawyer-legislator is retained more than thirty days before the date a civil case is set for trial, a trial court lacks discretion to deny a properly requested motion for legislative continuance. *Id.* § 30.003(b), (c); *see also Waites v. Sondock,* 561 S.W.2d 772, 776 (Tex.1977);[1] *Collier v. Poe,* 732 S.W.2d 332, 343, 346 (Tex.Crim.App.1987) (analyzing previous version of statute).

[5] In *Waites v. Sondock,* this Court recognized a constitutional limitation on the mandatory nature of the legislative

---

1. Although *Waites* interprets a previous version of the legislative continuance statute, the analysis in *Waites* is equally applicable to the current statute. Act of May 28, 1973, 63rd Leg., R.S., ch. 428, § 1, 1973 Tex. Gen. Laws 1130, 1130–31 (former Tex.Rev.Civ. Stat. art. 2168a), *repealed and recodified* by Act of May 17, 1985, 69th Leg., R.S., ch. 959, §§ 1, 9, 10, 1985 Tex. Gen. Laws 3242, 3268–69, 3322 ("This Act is intended as a recodification only, and no substantive change in the law is intended by this Act."), *amended by* Act of May

27, 1991, 72nd Leg., R.S., ch. 304, § 3.13, 1991 Tex. Gen. Laws 1290, 1321 (adding the requirement that "the attorney has not taken the case for the purpose of obtaining a continuance"), *amended by* Act of April 10, 2003, 78th Leg., R.S., ch. 9, § 1, 2003 Tex. Gen. Laws 10, 10–11 (extending the statute's application to members-elect, altering the time period for which a continuance is mandatory, and distinguishing between criminal and civil proceedings) (current version at Tex. Civ. Prac. & Rem.Code § 30.003(a)-(f)).

continuance. 561 S.W.2d at 776. In *Waites*, a mother initiated a contempt proceeding to compel her former husband to comply with a child support order. *Id.* at 772. The husband's lawyer filed a motion for legislative continuance with supporting affidavit, which the mother opposed. She argued that the child support payments were "critical to her ability to feed and support her children." *Id.* at 774. This Court held that requiring mandatory continuances when the party opposing the continuance "faces irreparable harm from the delay in enforcing existing rights" violates the due process clause of the Fourteenth Amendment of the United States Constitution and Article I, Sections 13 (open courts) and 19 (due process) of the Texas Constitution. *Id.* at 773. However, the Court emphasized the limited nature of its holding: "a legislative continuance is mandatory except in those cases in which the party opposing the continuance alleges that a substantial existing right will be defeated or abridged by delay." *Id.* at 776. When a party opposes a legislative continuance in such circumstances, the trial court must conduct a hearing on the allegations and deny the motion if the allegations are shown to be meritorious. *Id.* Subsequently, the Court of Criminal Appeals and several lower courts of appeals have addressed the scope of the *Waites* exception to mandatory legislative continuances, but we have not. *See, e.g., Collier,* 732 S.W.2d at 344 (holding that the *Waites* exception cannot be invoked by the prosecutor in a criminal proceeding); *In re Starr Produce Co.,* 988 S.W.2d 808, 811–12 (Tex.App.San Antonio 1999, orig. proceeding) (holding that loss of attorney's services because of his inability to continue representation through the new trial date

did not create the type of irreparable harm described in *Waites*); *Amoco Prod. Co. v. Salyer,* 814 S.W.2d 211, 213 (Tex.App.Corpus Christi 1991, orig. proceeding) (holding that the harm caused by lost business opportunities did not "rise to the level of a due process violation"); *Condovest Corp. v. John Street Builders, Inc.,* 662 S.W.2d 138, 141 (Tex.App.Austin 1983, no writ) (concluding that inability to convey title to real property was "clearly a substantial right" protected by the *Waites* exception).

Ford's motion for a legislative continuance meets the requirements of the statute. Representative Jim Solis's affidavit states that he is a member of the Texas House of Representatives, that the session extends from January 11, 2005 through May 31, 2005, and that he will be attending the legislative session. *See* Tex. Civ. Prac. & Rem.Code § 30.003(d), (e). Solis also stated that he represents Ford and intends to participate actively in the preparation and presentation of the case. *See id.* Finally, the affidavit also declares that Solis did not take this case for the purpose of obtaining a continuance under Section 30.003 of the Texas Civil Practice & Remedies Code. *See id.* Because Ford's motion was filed more than thirty days before the scheduled trial date and met the statutory requirements, the trial court was without discretion to deny the motion unless Fuentes established her entitlement to an exception. *See id.* § 30.003(b), (c), (f); *Waites,* 561 S.W.2d at 776.

■ Fuentes opposed the motion, essentially contending that because her participation in a comprehensive rehabilitation services program with the Texas Department of Assistive and Rehabilitation Services [2] will conclude soon, any continuance

2. The program, created by legislative mandate, provides temporary funding for medical services to qualifying patients with traumatic spinal cord or brain injuries. Tex. Hum. Res. Code § 111.060; 40 Tex. Admin. Code § 107.1201. The total number of hours of

will prevent access to needed medical care. Fuentes argues that she has an "existing right to rehabilitation and medical care" that constitutes a "substantial existing right" under our decision in *Waites*. Additionally, Fuentes argues that granting the continuance in this case violates her rights to access the court system. To support these contentions, Fuentes attached the affidavits of her husband, Robert Fuentes, and Dr. Joe Gonzales.

Robert Fuentes's affidavit explains that his wife has been a quadriplegic since the accident and requires constant medical attention and therapy. He also states that he and his wife recently received a letter from the Texas Department of Assistive and Rehabilitative Services explaining that the temporary funding provided for her treatment will soon expire. The letter is attached to the affidavit. Finally, Robert Fuentes explains that he is not qualified to provide the treatment that his wife requires. He does not indicate when the current funding ends, whether other funding arrangements have been made, or whether other funding sources are available.

In his affidavit, Dr. Gonzales states that he is familiar with the condition of Fuentes and the current funding source of her medical treatment. He explains that "prompt, consistent, and continued rehabilitation is essential to maximize recovery for persons with spinal injuries." He further opines that "if [Fuentes] discontinues her treatment, which will happen in the near future unless she obtains additional funding, she will be permanently and irrevocably harmed." He does not indicate specifically when the current funding ends or whether additional funding has been obtained.

In this case, the trial court made nine specific findings in its order denying Ford's motion for legislative continuance, apparently based on the exception this Court described in *Waites:*

I. Ford Motor Company retained Representative Jim Solis on or about April 1, 2005, approximately 45 days before the May 16, 2005 trial, and he has averred that he intends to play a substantial role in the case and that he is not appearing for the purpose of delay.

II. Ford Motor Company moved for a continuance on the same date Rep. Solis appeared in this case.

III. Robin Fuentes sustained disabling back injuries in the incident made the basis of this suit, which injuries require access to round the clock medical care and rehabilitative therapy.

IV. Robin Fuentes presently has a right and access to medical and rehabilitative services to aid in the treatment for, and rehabilitation from, her injuries.

V. Robin Fuentes also has Due Process rights under the United States and Texas constitutions, and she has a right to seek redress for her injuries pursuant to Texas Constitution Art. I, Section 13.

VI. Robin Fuentes' access to such medical treatment and rehabilitative therapy will be jeopardized should this case be continued from its present trial setting.

VII. Robin Fuentes will be irreparably harmed if her access to medical care and rehabilitative therapy is discontinued.

VIII. Robin Fuentes' constitutional right to redress and to Due Process will be violated if the Court grant [sic] a continuance

certain types of therapy paid with program funds may not exceed 120 hours, and Fuentes's treatment is nearing this limitation. 40 Tex. Admin. Code § 107.1209(2)(D).

based on Rep. Jim Solis' legislative service.

LISTNUM Document 1 1IX. The Court has considered the contents of the court's file, including the affidavit of Robert Fuentes, the affidavit of Dr. Joe Gonzales, and correspondence from the Texas Department of Assistive and Rehabilitative Services.

Fuentes claims that the *Waites* exception applies because she has a right to "access to medical and rehabilitative services to aid in the treatment for, and rehabilitation from, her injuries." But she does not have a right to have Ford pay for those services unless or until mandate to that effect issues after trial, judgment, and possible appeals. Although we sympathize with the disabling injuries from which Fuentes suffers, relief from a mandatory legislative continuance requires a higher showing than the record in this case makes. She has no substantial existing right to access to medical care that is enforceable against Ford. Her claims against Ford arise from alleged defects of a pick-up truck, not for improperly denying her access to medical care. If she succeeds in obtaining a favorable final judgment against Ford, then she will have an existing right that could be subject to the *Waites* exception. Until then, she has a right to access the court system to pursue her claims against Ford. *See Sax v. Votteler*, 648 S.W.2d 661, 665–66 (Tex. 1983). Continuing this case, which has been pending only a few months, in accordance with the Legislature's "determination that the interests of the people of the State will be best served by the attendance of legislator-attorneys at legislative sessions" does not violate the due process clause of the Fourteenth Amendment of the United States Constitution or Article I, Sections 13 (open courts) and 19 (due process) of the Texas Constitution. *Waites v. Sondock*, 561 S.W.2d 772, 774 (Tex.1977).

Because the constitutional exception in *Waites* does not apply, the trial court had no discretion to deny the motion for continuance.

We recognize that some tension exists between Article II, Section 1 of the Texas Constitution, which divides the powers of the government into three distinct branches, and a legislative enactment that makes mandatory what is typically left to judicial discretion. *Gov't Servs. Ins. Underwriters v. Jones*, 368 S.W.2d 560, 564–67 (Tex. 1963). But the tension is not all on one side. Given the relative infrequency of legislative sessions in Texas and the key roles played by members who are attorneys, a serious constitutional crisis could arise if a court in a remote part of the state could force a legislator to trial the moment a legislative session ends, as the trial court planned to do here. Enforcing legislative continuances is also consistent with the constitutional protection afforded legislators to attend legislative sessions. Except in cases of treason, felony, or breach of the peace, the Texas Constitution itself protects legislators from arrest while traveling to or attending such sessions. Tex. Const. art. III, § 14. As that provision shows, the legislative privilege is not absolute, but trial courts construing the *Waites* exception must require a higher showing of impairment of an opposing party's constitutional rights than the trial court did here.

■ As our sister court summarized, a mandatory legislative continuance "usually serves a dual purpose of encouraging good men and women to sacrifice their time in the interest of good government and of protecting a party to a law suit whose attorney may be serving in the Legislature." *Collier v. Poe*, 732 S.W.2d 332, 334 (Tex.Crim.App.1987). Without such a device, a lawyer-legislator could be forced

to decide between fulfilling the duty owed to a client and the duty owed to constituents to participate in a legislative session. The consequences of that decision—possibly nonparticipation in a legislative session—could not be remedied on appeal. To give full effect to the Legislature's policy decision regarding legislative continuances, we conclude that a party has no adequate remedy by appeal when a trial court abuses its discretion by denying a motion for legislative continuance. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136–37 (Tex.2004).

Pursuant to Texas Rule of Appellate Procedure 52.8(c), we issue this opinion without hearing oral argument and conditionally grant a writ of mandamus directing the 139th Judicial District Court of Hidalgo County, Texas, to grant the motion for legislative continuance. That writ will issue only if the district court fails to act in accordance with this opinion.