NUMBER 13-05-138-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

_________________________________________________________________

 

                          IN RE: RODERICK L.
REESE

_________________________________________________________________

 

                      On Petition for Writ of
Mandamus _________________________________________________________________

 

                     MEMORANDUM OPINION

 

                  Before Justices Hinojosa,
Yañez, and Garza

                      Per Curiam Memorandum
Opinion[1]

 

Pro se relator, Roderick L. Reese, filed a petition for writ of mandamus in the above cause arguing that the trial court abused its
discretion in dismissing relator=s civil case.  The Court, having examined and fully
considered the petition for writ of mandamus, is of the opinion that relator
has not shown himself entitled to the relief sought.  








First, relator=s petition for writ of
mandamus fails to comply with Texas Rule of Appellate Procedure 52.3 insofar as
(1) it is not verified; (2) it does not follow the requisite form delineated in
rule 52.3; and (3) it fails to contain an appendix with certified or sworn
copies of the order at issue or other documents showing the matter complained
of.  See generally Tex. R. App. P. 52.3 (discussing
mandatory form and contents for original appellate proceedings).  

Second, relator had an adequate remedy by appeal.  To be entitled to mandamus relief, relator
must show that the trial court committed a clear abuse of discretion and that
he has no adequate remedy by appeal.  In
re Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005).  Mandamus is an extraordinary remedy available
only in limited circumstances and will issue only in situations involving
manifest and urgent necessity and not for grievances that may be addressed by
other remedies.  Walker v. Packer,
827 S.W.2d 833, 840 (Tex. 1992).  It is
well‑settled that mandamus will not issue where there is a clear and
adequate remedy at law, such as a normal appeal. See id.; In re
Prudential Ins. Co., 148 S.W.3d 124, 135‑38  (Tex. 2004) (orig. proceeding) (technically
available legal remedy may be inadequate when the remedy is uncertain, tedious,
burdensome, slow, inconvenient, inappropriate or ineffective).     Relator's
complaint that the trial court abused its discretion in dismissing his suit
could have been challenged by direct appeal. 
In fact, relator appealed this dismissal.  See Reese v. Bernhousen, No.
13-05-119-CV, 2005 Tex. App. LEXIS 7089, *1-*2 (Tex. App.BCorpus Christi Aug.
30, 2005, no pet. h.) (per curiam).  This
Court dismissed the appeal for want of prosecution.  See id.  Accordingly, relator has not shown that he is
entitled to mandamus relief.








The
petition for writ of mandamus is DENIED. 
See Tex. R. App. P. 52.8(a).


 

PER
CURIAM

 

 

Memorandum Opinion
delivered and filed

this 30th day of
November, 2005.

 











[1]
See
Tex. R. App. P. 52.8(d) (AWhen
denying relief, the court may hand down an opinion but is not required to do
so.@); Tex. R. App. P. 47.4 (distinguishing
opinions and memorandum opinions).