NO. 07-11-0014-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL B

 



MARCH
8, 2011

 



 

In re KOBELT MANUFACTURING, LTD. 

 



 

Memorandum
Opinion on Original Proceeding for Writ of Mandamus

 



 

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.








            Pending before this court is the
Petition for Writ of Mandamus filed by Kobelt Manufacturing, Ltd. (Kobelt),
asking that we order the Hon. Kelly G. Moore, District Judge, 121st
Judicial District, to “vacate its order denying Kobelt’s motion for leave to
designate Basic Energy as a responsible third party.”  We deny the petition for the reason stated
below.

            It is beyond doubt that one seeking
extraordinary relief like that sought here must prove his entitlement
thereto.  This truism imposed upon Kobelt
the obligation of proving that the trial court clearly abused its discretion
when it denied the request to designate a responsible third party.  In re
Ford Motor Co., 165 S.W.3d 315, 317 (Tex. 2005) (stating that one seeking a
writ of mandamus has the burden of establishing that the trial court clearly
abused its discretion).  Leave was sought
by Kobelt to so designate a third party on September 27, 2010.  However, Kobelt, via its attorney, signed a
“Second Amended Agreed Scheduling Order” wherein it expressly “agreed” to
setting June 11, 2010, as the applicable deadline by which to make such
designations.  And,
while statute says that a motion seeking leave to designate responsible third
parties “must be filed on or before the 60th day before the trial
date,” Tex. Civ. Prac. & Rem. Code Ann. §33.004(a)
(Vernon 2008), nothing in the proviso expressly prohibits the litigants from
agreeing to a different timeline, so long as the trial court also agrees.  Nor does Kobelt attempt to explain, in its
petition for relief here, why such deadlines cannot be the stuff of Rule 11
agreements.  See Tex. R.
Civ. P. 11 (authorizing litigants to execute
agreements touching upon pending suits).  So, Kobelt failed to establish that the trial
court abused its discretion by refusing to deviate from deadlines to which it
and all other litigants expressly agreed in writing.  

            The petition is denied. 

 

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice