NO. 07-11-0014-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

MARCH 8, 2011

In re KOBELT MANUFACTURING, LTD.

*Memorandum Opinion on
Original Proceeding for Writ of
Mandamus*

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Pending before this court is the Petition for Writ of Mandamus filed by Kobelt Manufacturing, Ltd. (Kobelt), asking that we order the Hon. Kelly G. Moore, District Judge, 121st Judicial District, to "vacate its order denying Kobelt's motion for leave to designate Basic Energy as a responsible third party." We deny the petition for the reason stated below.

It is beyond doubt that one seeking extraordinary relief like that sought here must prove his entitlement thereto. This truism imposed upon Kobelt the obligation of proving that the trial court clearly abused its discretion when it denied the request to designate a responsible third party. *In re Ford Motor Co.,* 165 S.W.3d 315, 317 (Tex. 2005) (stating that one seeking a writ of mandamus has the burden of establishing that the trial court clearly abused its discretion). Leave was sought by Kobelt to so designate a third party on September 27, 2010. However, Kobelt, via its attorney, signed a "Second Amended

Agreed Scheduling Order" wherein it expressly "agreed" to setting June 11, 2010, as the applicable deadline by which to make such designations. And, while statute says that a motion seeking leave to designate responsible third parties "must be filed on or before the 60th day before the trial date," Tex. Civ. Prac. & Rem. Code Ann. §33.004(a) (Vernon 2008), nothing in the proviso expressly prohibits the litigants from agreeing to a different timeline, so long as the trial court also agrees. Nor does Kobelt attempt to explain, in its petition for relief here, why such deadlines cannot be the stuff of Rule 11 agreements. *See* Tex. R. Civ. P. 11 (authorizing litigants to execute agreements touching upon pending suits). So, Kobelt failed to establish that the trial court abused its discretion by refusing to deviate from deadlines to which it and all other litigants expressly agreed in writing.

The petition is denied.

Brian Quinn
Chief Justice

2