### IN RE Byron Curtis COOK, Relator

### No. 05-17-00203-CV

Court of Appeals of Texas, Dallas.

Opinion Filed August 30, 2017

Rehearing Denied September 20, 2017

---

41. *Id.*

42. *Id.; see* TEX. R. EVID. 403.

43. *See* TEX. R. EVID. 607.

44. *See* TEX. CODE CRIM. PROC. art. 37.07, § 3(a)(1); *Davis v. State*, 968 S.W.2d 368, 373 (Tex. Crim. App. 1998).

C. John Scheef III, Scheef & Stone, LLP, Frisco TX, Kelly Mitchell Crawford, Scheef & Stone, Dallas TX, William Todd Albin, Albin Yates Valius Roach PLLC, Plano TX, for Real party in interest.

Alexander More, Ken Carroll, Carrington, Coleman, Neil Ross Burger, Carrington, Coleman, Sloman & Blumenthal, LLP, Dallas TX, Terry L. Jacobson, Law Offices of Terry Jacobson, PC, Corsicana TX, for Relator.

Before Justices Francis, Evans, and Whitehill

## OPINION

Opinion by Justice Evans

Relator is a member of the Texas House of Representatives and a defendant in the underlying case. He applied for a legislative continuance of the underlying case and "all ancillary matters" pursuant to section 30.003 of the civil practice and remedies code. The trial court granted the motion in part, ordering that no written discovery may be served on or by relator and prohibiting all depositions during the continuance. But the court denied relator's request that the plaintiff and five other defendants be prohibited from serving written discovery on each other and on non-parties during the continuance. In this original proceeding, relator asks the Court to direct the trial court to vacate the order granting the legislative continuance in part and enter an order continuing the entire case until 30 days after the date on which the Legislature adjourns.

▇▇▇ To be entitled to mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). A party has no adequate remedy by appeal when a trial court abuses its discretion by denying a motion for legislative continuance. *In re Ford Motor Co.*, 165 S.W.3d 315, 322 (Tex. 2005). The mandatory legislative continuance provided by section 30.003

> applies to any criminal or civil suit, including matters of probate, and to any matters ancillary to the suit that require action by or the attendance of an attorney, . . . in which a party applying for the continuance or the attorney for that party is a member or member-elect of the legislature and will be or is attending a legislative session.

TEX. CIV. PRAC. & REM. CODE ANN. § 30.003(a), (b) (West 2015). In such cases, upon application, the trial court is required to "continue the case until 30 days after the date on which the legislature adjourns." *Id.* § 30.003(b). In addition, the statute applies to "any matters ancillary to the suit that require action by or the attendance of an attorney," but excepts from the scope of the statute temporary restraining orders. *Id.* § 30.003(a).

▇▇▇ Section 30.003 provides for a continuance, not a stay, of civil suits. No complaint is made that the trial court set the case for trial during the applicable period. The statute further provides for a continuance of matters that "require the attendance of an attorney." The trial court continued all written discovery involving relator and all oral depositions. Applying the plain language of the statute and interpreting subsections (a) and (b) together, the trial court granted all relief required by the statute at the time of the application. Relator's counsel are not required to respond to discovery propounded on other parties and non-parties and, therefore, those matters are not subject to the statute. The trial court did not abuse its discretion by denying the request to apply the continuance to those matters.

▇▇▇ Relator complains that the trial court abused its discretion by failing to stay the entire case including all discovery between and among the plaintiff and co-defendants and third parties. Relator made no specific showing in this record how his attorneys were required to be involved in the written discovery and no argument here other than the statute requires a stay of entire suits. We disagree that the statute requires a stay of entire suits, because the statute by its terms only requires a *continuance* of the case and of those ancillary matters that require the involvement of an attorney.

298

Accordingly, we deny relator's petition for writ of mandamus. *See* Tex. R. App. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

Whitehill, J., dissenting

BILL WHITEHILL, JUSTICE, dissenting.

For the following reasons, I disagree with the majority opinion:

The supreme court in *Schwartz v. Jefferson*, 520 S.W.2d 881 (Tex. 1975) (orig. proceeding), stated that the legislature's 1973 addition of the words "and in all matters ancillary to such suits" to § 30.003's predecessor version (Tex. Rev. Civ. Stat. Ann. art. 2168a) meant that the legislative continuance provisions "obviously extend[ed] the act to depositions and other ancillary proceedings in pending suits." *Id.* at 886. Subsequent statutory amendments have not substantively changed those words' meaning in that statute's successor.

It logically follows from the preceding paragraph that, if depositions are an ancillary matter within the statute's meaning, other discovery devices are similarly classified and should be similarly treated. Therefore, because the discovery here concerns a pending suit involving a member of the legislature, the trial court was required to extend the continuance to the written discovery too. *See id.* Moreover, as a party to the suit, relator has an interest in paying attention to all aspects of his case, including discovery directed at other parties, and should not be forced to sacrifice his personal interest to represent his constituents as he perceives they would want him to do.

Accordingly, I would conditionally grant the requested mandamus writ. *See In re Ford Motor Co.*, 165 S.W.3d 315, 322 (Tex.

2005) (orig. proceeding) (per curiam). Because we don't, I respectfully dissent.