# NO. 12-17-00232-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *R.C.H.,* | § | *ORIGINAL PROCEEDING* |
| *A CHILD* | § | |

## *MEMORANDUM OPINION*

In this original mandamus proceeding, Relator M.B. complains that the Respondent, the Honorable Jeff Fletcher, Judge of the 402nd District Court of Wood County, Texas, had a ministerial duty to grant her Motion to Transfer Venue pursuant to the mandatory transfer provision of section 155.201(b) of the Texas Family Code. Specifically, Relator requests a writ of mandamus directing Respondent to sign an order granting her motion to transfer venue and enter an order transferring the case to Cooke County, Texas.

A relator bears the burden of demonstrating her entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes providing the appellate court with a record sufficient to make the requisite showing. *See Walker*, 827 S.W.2d at 837. A party seeking mandamus must file a petition with the clerk of the appropriate court. TEX. R. APP. P. 52.1. The contents of that petition are prescribed by Texas Rule of Appellate Procedure 52.3. Among other items, the petition must include, as part of an appendix, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). This rule has been interpreted to permit mandamus based upon an oral ruling. *In re S. Ins. Co.*, No. 14-11-00604-CV, 2011 WL 3667849, at *1 (Tex. App.—Houston [14th Dist.] Aug. 23, 2011, orig. proceeding) (mem. op.); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding); *In re Perritt*, 973 S.W.2d 776, 779 (Tex. App.—Texarkana 1998, orig. proceeding). But an oral ruling

is not subject to mandamus review unless the ruling is clear, specific, enforceable, and adequately shown by the record. *In re S. Ins. Co.*, 2011 WL 3667849, at *1; *In re Bledsoe*, 41 S.W.3d at 811. A review of the reporter's record from the hearing at which the oral ruling is made is one means by which we can determine whether the oral ruling meets these criteria. *See In re Bledsoe*, 41 S.W.3d at 812.

Here, Relator stated in her brief that a hearing on the motion to transfer was held on November 17, 2016. According to Relator, the court denied the motion but no order was signed. Relator has not furnished a reporter's record of the hearing at which the oral ruling was made or any other document showing the ruling. *See* TEX. R. APP. P. 52.3(k)(1)(A); *Bledsoe*, 41 S.W.3d at 812. Relator has not complied with the applicable appellate rules and therefore, her petition does not provide a basis for this court to evaluate the merits of her complaint or grant relief. *See* TEX. R. APP. P. 52.3(k)(1)(A). Consequently, Relator has failed to establish her entitlement to mandamus relief.

## CONCLUSION

Because Relator has not shown she is entitled to mandamus relief, we *deny* her petition for writ of mandamus.

JAMES T. WORTHEN
Chief Justice

Opinion delivered February 14, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 14, 2018**

**NO. 12-17-00232-CV**

**M.B.,**
Relator
V.

**HON. JEFF FLETCHER,**
Respondent

## ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by M.B.; who is the relator in Cause No. 2015-600, pending on the docket of the 402nd Judicial District Court of Wood County, Texas. Said petition for writ of mandamus having been filed herein on July 28, 2017, and the same having been duly considered, because it is the opinion of this Court that a writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*