COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



§

§

IN RE:                                                    No. 08-20-00017-CR

§

ERIC FLORES,                                      AN ORIGINAL PROCEEDING

§

Relator.                                                  IN MANDAMUS

§

§

## MEMORANDUM OPINION

Relator Eric Flores, a pro se inmate, has filed a mandamus petition against the Honorable Maria Salas-Mendoza, 120th District Court, alleging that the trial court has failed to timely rule on a motion to request issuance of a subpoena. The petition for writ of mandamus is denied.

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011)(orig. proceeding). The burden is on the relator to show he is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding).

A trial court has a ministerial duty to consider and rule on motions properly filed and pending before it, and mandamus may issue to compel the trial court to act. *See In re Henry*, 525

S.W.3d 381, 382 (Tex.App.—Houston [14th Dist.] 2017, orig. proceeding). To obtain mandamus relief on delay grounds, a relator must establish that the trial court (1) had a legal duty to rule on the motion; (2) was asked to rule on the motion; and (3) failed or refused to rule on the motion within a reasonable time. *Id*. A trial court is not required to consider a motion that has not been called to its attention by proper means. *Id*.

This case is similar to *In re Harris*, No. 08-19-00208-CR, 2019 WL 6242315, at *1 (Tex.App.—El Paso Nov. 22, 2019, orig. proceeding). In that case, a pro se inmate relator complaining of a delay in a trial court ruling on a motion failed to provide evidence that he made the request to the trial court and that he brought the request to the trial court's attention. Likewise, in this case, the relator did not attach evidence to his mandamus application showing that he, in fact, filed a motion with the trial court[1] and that the trial court did not rule on the motion after it was brought to the trial court's attention. Further, if Relator's allegation is true and the motion has been pending since December 3, 2019, there is no evidence that that amount of time is unreasonable, meaning that an abuse of discretion cannot be established on this record. *Id*.

After reviewing the mandamus petition and record, we conclude that Relator has failed to show that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

GINA M. PALAFOX, Justice

February 26, 2020

Before Alley, C.J., Rodriguez, and Palafox, JJ.

(Do Not Publish)

---

[1] Relator did attach a Motion to Request Issuance of Citation, but there is no indication (such as a file stamp) showing that this motion was ever actually filed in the 120th District Court.