**Order filed June 25, 2021.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-21-00276-CV**

---

**IN RE YU ZHOU AND HANG YU, Relators**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**151st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-43015**

---

## ORDER

On May 19, 2021, relators Yu Zhou and Hang Yu filed a petition for writ of mandamus in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relators ask this Court to compel the Honorable Mike Engelhart, presiding judge of the 151st District Court of Harris County, to vacate two orders: (1) an order dated March 15, 2021, directing Rongyan Lu be deposed

remotely by Zoom while she is located in the People's Republic of China; and (2) an order dated March 15, 2021, denying relators' second motion to show authority.[1]

Relators bear the burden of demonstrating their entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes providing this court with a record sufficient to make that showing. *See Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted).

Relators' petition does not comply with the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.7(a). To be a "certified or sworn copy," in accordance with Rule 52, the document must be certified by the trial court clerk or attached to either a properly prepared affidavit or an unsworn declaration per Tex. Civ. Prac. & Rem. Code Ann. § 132.001. Here, the record is not accompanied by an affidavit that all documents are certified or sworn copies. *See* Tex. R. App. P. 52.7(a)(1). Only the complained of orders are certified.

---

[1] In their prayer, relators seek to vacate an order dated April 14, 2021; however, this date appears to be in error as the order denying relators' second motion to show authority is in the record but dated March 15, 2021.

Additionally, in support of their mandamus, relators provided the court with various documents; however, relators did not include every document that is material to the relators' claim that the trial court abused its discretion in denying relators' second motion to show authority. *See* Tex. R. App. P. 52.7(a). The omitted documents include relators' second motion to show authority as well as any response filed by the real parties in interest and properly authenticated transcripts, if any, from the court reporter.

By this order, the court gives relators notice that the petition will be dismissed unless an amended petition is filed within ten days of the date of this order that addresses the record issues discussed in *In re Kholaif*, Nos. 14-20-00731-CV & 14-20-00732-CV, 2020 WL 7013339 (Tex. App.—Houston [14th Dist.] Nov. 25, 2020, order) and Texas Rule of Appellate Procedure 52.7(a). *See* Tex. R. App. P. 42.3(c).


PER CURIAM

Panel consists of Justices Wise, Jewell, and Spain.