

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | |
| | § | |
| | § | No. 08-22-00057-CR |
| IN RE: SHANNON MARK DOUTHIT, | § | |
| | | AN ORIGINAL PROCEEDING |
| Relator. | § | |
| | | IN MANDAMUS |
| | § | |
| | § | |

**O P I N I O N**

Relator Shannon Mark Douthit filed a *pro se* mandamus petition against the 394th District Court, alleging that the trial court abused its discretion by denying his "Motion to Modify Sentence And/Or Retrospective Sentencing/Competency Hearing. The petition for writ of mandamus is denied.

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011)(orig. proceeding). The burden is on relator to show he is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005)(orig. proceeding). In seeking to compel a ruling from the trial court, the relator has a right to a ruling, but mandamus may not be used to compel the trial court to rule a certain way on a matter in which it is exercising its judicial discretion. *State ex rel. Young v. Sixth Judicial Dist. Ct.*

*of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex.Crim.App. 2007). After reviewing the mandamus petition and record, we conclude that Relator has failed to show that he is entitled to mandamus relief. Accordingly, we deny the petition for writ of mandamus.

June 8, 2022

YVONNE T. RODRIGUEZ, Chief Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

(Do Not Publish)