**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed November 15, 2023.**



**In The**

# Fourteenth Court of Appeals

---

**NO. 14-23-00855-CV**

---

**IN RE JASMINE SIMON, Relator**

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**246th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2022-08581**

---

## MEMORANDUM OPINION

On Monday, November 13, 2023, relator Jasmine Simon filed a petition and amended petition for writ of mandamus and motion and amended motion for emergency stay of proceedings in this Court. *See* Tex. Gov't Code Ann. § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator asks this Court to compel the

visiting judge presiding in the 246th District Court of Harris County, the Honorable Judy Warne, to vacate her denial of a motion to transfer and her denial to abate or dismiss the underlying matter.

To be entitled to the extraordinary relief of a writ of mandamus, the relator must show that the trial court abused its discretion and that there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

Relator bears the burden of demonstrating her entitlement to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). This burden includes providing this Court with a record sufficient to make that showing. *See Walker*, 827 S.W.2d at 837 (stating that it is relator's burden to provide a record sufficient to establish her entitlement to mandamus relief); *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding) (stating that "[t]hose seeking the extraordinary remedy of mandamus must follow the applicable procedural rules. Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record.") (footnote omitted).

Here, although relator filed an amended petition, both the amended petition and appendix contain a multitude of deficiencies and/or are incomplete. *See* Tex. R. App. P. 9.8, 9.9, 52.3(k)(1)(A)-(B), & 52.7(a)(1)-(2). Insofar as the record is incomplete, relator has failed to establish an abuse of discretion.

Accordingly, we dismiss relator's amended petition for writ of mandamus. Additionally, we deny relator's amended motion for emergency stay of proceedings.

PER CURIAM

Panel consists of Justices Hassan, Poissant, and Wilson.