

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|                          |     |                        |
|--------------------------|-----|------------------------|
| IN RE:                   | §   | No. 08-23-00353-CV     |
|                          | §   | AN ORIGINAL PROCEEDING |
| GINA RUIZ,               | §   | IN MANDAMUS            |
|              Relator.    | §   |                        |
|                          | §   |                        |

## MEMORANDUM OPINION

Relator Gina Ruiz filed a mandamus petition, and request for emergency relief against the Honorable Lyda Ness Garcia, Judge of the 383rd District Court. Ruiz complains that Judge Garcia granted a writ of habeas corpus ordering the release of M.G., a minor child, to his biological mother or father against a doctor's orders and medical advice. In her petition, Ruiz asks this Court to issue a writ of mandamus ordering Judge Garcia to stay the order of writ until a hearing can be held for the safety of the child, or if the child has already been released to the mother or father, that they return the child to the care of an institution where he was presently located. The petition for writ of mandamus is denied.

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). The burden is on the

relator to show she is entitled to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). Those seeking the extraordinary remedy of mandamus must follow the applicable procedural rules.[1] "Chief among these is the critical obligation to provide the reviewing court with a complete and adequate record" establishing she is entitled to mandamus relief. *In re Le*, 335 S.W.3d 808, 813 (Tex. App.—Houston [14th Dist.] 2011, orig. proceeding).

After reviewing the mandamus petition and record, we conclude that Relator has failed to present an adequate record showing she is entitled to the extraordinary remedy of mandamus, we deny the petition for writ of mandamus. All pending motions are denied as moot.

JEFF ALLEY, Chief Justice

December 29, 2023

Before Alley, C.J., Palafox, and Soto, JJ.

---

[1] Relator did not certify that every factual statement in the petition is supported by competent evidence included in the appendix or record as required by Rule 52.3(j) of the Texas Rules of Appellate Procedure. Nor did Relator support every factual statement in the petition with a citation to competent evidence in the appendix. *See* TEX. R. APP. P. 52.3(g). Relator is also required to, but did not, file a record containing a certified or sworn copy of every document that is material to her claim for relief. *See* TEX. R. APP. P. 52.7(a)(1). Relator's mandamus petition makes factual assertions and references documents that are not contained within the mandamus record.