

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE JOE FEIJOO, | § | No. 08-24-00005-CR |
| Relator. | § | AN ORIGINAL PROCEEDING |
| | § | IN MANDAMUS |
| | § | |
| | § | |

## **MEMORANDUM OPINION**

Relator Joe Feijoo, pro se, has filed a mandamus petition against the 205th District Court. Relator alleges the 205th District Court lacked jurisdiction, in 1993, over criminal charges brought against him. He contends in this current petition that the 1993 charges were identical to charges the State had declined to prosecute in 1991.[1] He asks this Court to grant mandamus relief and render a judgment of acquittal. Relator refers to his 1991 case as No. 91-271037 and his 1993 case as No. 70264-205.

---

[1] This Court has denied mandamus relief twice based on Relator's same allegations. *In re Feijoo*, No. 08-19-00314-CR, 2020 WL 401835 (Tex. App.—El Paso Jan 24, 2020, no pet.) (orig. proceeding) (mem. op. not designated for publication); *In re Feijoo*, No. 08-22-00031-CR, 2022 WL 336779 (Tex. App.—El Paso Feb. 4, 2022, no pet.) (orig. proceeding) (mem. op. not designated for publication). This Court dismissed Relator's direct appeal for want of jurisdiction in 2012, finding that the appeal was not timely filed. *Feijoo v. State*, No. 08-12-00015-CR, 2012 WL 341662 (Tex. App.—El Paso Feb. 1, 2012, no pet.) (mem. op. not designated for publication).

According to his petition, Relator was arrested in 1991 for an attempted murder. He states he was never prosecuted, but instead he was released after the State declined the case.[2] Relator states that a year after his release, he was arrested on unrelated charges and, in 1993, he was eventually charged with attempted murder for the same series of events that had led to his original arrest in 1991.

In the mandamus record, Relator provides purported copies of grand jury indictments charging him with the attempted murder of Nicolas Fibela and Raul Andujo. The indictments appear to be dated as of 1993, but they are not clearly marked, nor file-stamped. One indictment for three counts indicates it is from the January 1993 term of the grand jurors organized for El Paso County by the 168th District Court. An indictment for a fourth count indicates it was filed June 30, 1993, and corresponds to cause No. 70264-205. The mandamus record contains no court documents for cause No. 91-271037. Instead, it appears from the record that this number is an El Paso Police Department Case ID number from the complaint report listing Relator as a suspect of an attempted murder that had been reported as occurring on September 28, 1991. The final document in the record is a letter dated November 13, 1995, from court reporter Lumea M. Brady of the 205th Judicial District Court. The letter is associated with the 1993 cause number, and it responds to Relator's request for "a Statement of Facts on an Examining Trial heard in October of 1991," which the reporter states is not in her possession. Other than these listed documents, there are no judgments or pleadings included in this mandamus record.

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by

---

[2] Relator refers to his 1991 case as both being "dismissed with prejudice" and "declined" for prosecution by the district attorney. The record, though incomplete, supports only that charges stemming from his arrest of September 28, 1991, were declined on October 3, 1991.

appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding). The burden is on relator to show he is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). After reviewing the mandamus petition and record, we conclude that Relator has failed to show mandamus is an appropriate remedy or that he is entitled to any other relief. Accordingly, we deny the petition for writ of mandamus.


GINA M. PALAFOX, Justice

Date January 31, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)