**Appeal Dismissed and Memorandum Opinion filed July 30, 2024**



In The

## Fourteenth Court of Appeals

### NO. 14-24-00403-CV

### FARITH TALAVERA SILWANY, Appellant

### V.

### JJLJ OPERATING, LLC D/B/A JIMMY JOES TEXAS KITCHEN AND BAR AND PATRICK LINDSEY, Appellees

**On Appeal from the 239th District Court
Brazoria County, Texas
Trial Court Cause No. 125641-CV**

### MEMORANDUM OPINION

This is an attempted interlocutory appeal of the trial court's order granting appellees' motion for a ruling under Rule 166(g) of the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 166(g). By that ruling, the trial court dismissed appellee Patrick Lindsey from the case, leaving appellant's claims against the remaining defendants unresolved. When orders do not dispose of all pending parties and claims, the orders remain interlocutory and unappealable until final

judgment is signed unless a statutory exception applies. *Bally Total Fitness Corp. v. Jackson*, 53 S.W.3d 352, 352 (Tex. 2001); *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992) (orig. proceeding). There is no statutory exception allowing for an interlocutory appeal of a trial court's ruling on a motion brought pursuant to Rule 166(g).

Because there is no final judgment or appealable order in our record, the clerk of this court transmitted notification to the parties of this court's intention to dismiss the appeal for lack of jurisdiction unless appellant filed a response demonstrating grounds for continuing the appeal within 10 days. In response, appellant provided two arguments for maintaining this appeal: (1) Rule 166(g) dispositive orders should be included within the scope of interlocutory appeals and (2) in the alternative, this court should treat appellant's brief as a petition for writ of mandamus, citing to *CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011). As for appellant's first argument, we decline to extend our appellate jurisdiction absent legislative authorization. *See id*. at 447 ("We strictly apply statutes granting interlocutory appeals because they are a narrow exception to the general rule that interlocutory order are not immediately appealable."); *see Tipps*, 842 S.W.2d at 272 (noting that appellate jurisdiction may not be enlarged absent legislative mandate).

We may, however, exercise our mandamus jurisdiction when a party specifically requests mandamus treatment of its appeal, as in this case. *See Perez*, 340 S.W.3d at 453-54. If this court were to exercise mandamus jurisdiction in this matter, we would hold appellant to the same exacting standard to which we hold all parties in original proceedings. Mandamus is an extraordinary remedy, available only when the relator can show both that (1) the trial court clearly abused its discretion; and (2) there is no adequate remedy by way of appeal. *In re Ford Motor*

*Co*., 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). Here, Appellant would have an adequate remedy by way of an appeal of the final judgment in the underlying matter. *See JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018) (noting that a Rule 166(g) order is akin to a summary judgment and providing a standard of review on appeal). Accordingly, if this court were to treat this appeal as a mandamus, appellant would be unsuccessful on the merits. We dismiss the appeal for lack of jurisdiction.

PER CURIAM

Panel Consists of Chief Justice Christopher and Justices Spain and Poissant.