

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00858-CV

**IN RE ROLAND'S ROOFING COMPANY, INC.**

Original Mandamus Proceeding[1]

Opinion by:    H. Todd McCray, Justice

Sitting:       Irene Rios, Justice
              Lori I. Valenzuela, Justice
              H. Todd McCray, Justice

Delivered and Filed: April 30, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Relator Roland's Roofing Company, Inc. ("Roland's Roofing") asserts the trial court abused its discretion when it departed from the agreed-upon process for selecting an arbitrator in a contract dispute with Jason and Elizabeth Bashara (the "Basharas"). We agree and conditionally grant the petition for a writ of mandamus.

### BACKGROUND

On October 21, 2020, the Basharas contracted with Roland's Roofing to replace the roof on their residence. After work was completed, the Basharas reported water penetration in several areas of their residence. On May 14, 2024, the Basharas sued Roland's Roofing, claiming negligence, violations of the Deceptive Trade Practices Act, and breach of agreement and warranty

---

[1] This proceeding arises out of Cause No. 2024-CI-10258, styled *Jason Bashara and Elizabeth Bashara v. Roland's Roofing Company, Inc. and Roland's Roofing Co., Inc.*, in the 408th Judicial District Court, Bexar County, Texas, the Honorable Norma Gonzales presiding.

under common law. Roland's Roofing moved to compel arbitration pursuant to the arbitration agreement in the parties' roofing contract.

On November 13, 2024, the trial court granted the motion to compel and appointed former Judge Cathy Stryker as the arbitrator. Roland's Roofing requested reconsideration of the order compelling arbitration, asserting the trial court's unilateral appointment of Stryker as arbitrator departed from the method of arbitrator selection in the arbitration agreement in the parties' contract. The reconsideration request was denied, and on December 18, 2024, Roland's Roofing petitioned for a writ of mandamus.

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy that is not available as a matter of right. *See In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999) (orig. proceeding). For mandamus relief to be appropriate, a relator must show the trial court committed an abuse of discretion and that there is no adequate remedy by appeal. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). "A trial court abuses its discretion if it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law or if it clearly fails to correctly analyze or apply the law." *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding) (per curiam).

A trial court fails to analyze and apply the law when it alters an arbitration agreement. *See In re Crosstex CCNG Processing Ltd.*, No. 05-08-01091-CV, 2008 WL 4823229, at *2 (Tex. App.—Dallas Nov. 7, 2008, orig. proceeding) (finding abuse of discretion where trial court ordered parties to submit to an arbitration not administered by the American Arbitration Association ("AAA") when arbitration agreement authorized the AAA to administer the arbitration). Arbitration agreements are interpreted under traditional contract principles. *See J.M. Davidson, Inc. v. Webster*, 128 S.W.3d 223, 227 (Tex. 2003).

**ANALYSIS**

Roland's Roofing asserts a valid arbitration agreement exists between the parties, the agreement incorporates the Construction Industry Arbitration Rules of the AAA, and the trial court abused its discretion when it departed from those rules which mandates the AAA administer the pending arbitration. We agree.

"A party seeking to compel arbitration must establish the existence of a valid, enforceable arbitration agreement and that the asserted claims fall within the agreement's scope." *In re Merrill Lynch Tr. Co. FSB*, 123 S.W.3d 549, 554 (Tex. App.—San Antonio 2003, original proceeding). The roofing contract executed by the parties has two primary documents—a single-page proposal/estimate document and a three-page document that contains limited warranty terms, additional terms and conditions of the agreement, and a mold disclosure and disclaimer addendum.[2] "As a general rule, multiple documents pertaining to the same transaction will be construed together as one contract." *Shell W. E & P, Inc. v. Pel-State Bulk Plant, LLC*, 509 S.W.3d 581, 587 (Tex. App.—San Antonio 2016, no pet.) (citing *Jones v. Kelley*, 614 S.W.2d 95, 98 (Tex. 1981)). *See also Board of Com'rs v. Great So. Life Ins. Co.*, 150 Tex. 258, 239 S.W.2d 803, 809 (1951) ("Where several instruments, executed contemporaneously or at different times, pertain to the same transaction, they will be read together although they do not expressly refer to each other.").[3]

The parties' agreement to arbitrate is found in two separate paragraphs of the roofing contract. Paragraph 1 of the terms and general conditions states: "In the event of a dispute, all

---

[2] Because the second document is clearly paginated with "Page 1 of 3," "Page 2 of 3," and "Page 3 of 3" we reject the Basharas' contention that this second document amounts to three, separate documents.

[3] The two documents were executed contemporaneously by Bryan Gonzales (on behalf of Roland's Roofing) and Jason Bashara. The parties also expressly agreed that the second document was part of the roofing contract. Paragraph 16 of the limited warranty terms states: "This warranty and the proposal and contract, of which this warranty is part, constitute the entire the entire [sic] agreement[.]" Likewise, the mold disclosure and disclaimer addendum states it "IS EXECUTED AS OF THE SAME DATE AS THE CONTRACT BETWEEN THE PARTIES HERETO AND IS HEREBY INCORPOARATED INTO AND IS PART OF SAID CONTRACT."

parties agree to binding arbitration in lieu of other legal remedies." Paragraph 20 of the limited warranty terms states in part:

> Any controversy or claim arising out of or relating to this Agreement or breach thereof shall be settled by arbitration binding on both parties in accordance with the Federal Arbitration Act and the Construction Industry Arbitration Rules of the American Arbitration [A]ssociation . . . .

Accordingly, Roland's Roofing met its burden to establish that a valid arbitration agreement exists between the parties.

Moreover, the unambiguous language from paragraph 20—incorporating the Construction Industry Arbitration Rules of the AAA—mandates the AAA must administer the arbitration. *See* American Arbitration Association, Construction Industry Arbitration Rules and Mediation Procedures R–2(a) ("When parties agree to arbitrate under these Rules, or when they provide for arbitration by the AAA and an arbitration is initiated under these Rules, *they thereby authorize the AAA to administer the arbitration*.") (emphasis added). *See also Ambulance Billings Sys., Inc. v. Gemini Ambulance Servs., Inc.*, 103 S.W.3d 507, 515 (Tex. App.—San Antonio 2003, no pet.) (consolidated interlocutory appeal and orig. proceeding) ("The parties agreed to arbitrate in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Rule R–2 of those rules provides that when parties agree to arbitrate under the Commercial Arbitration Rules, they thereby authorize AAA to administer the arbitration.").[4]

Accordingly, the trial court abused its discretion when it appointed Stryker to arbitrate this dispute. *See In re Crosstex*, 2008 WL 4823229, at *2 ("[T]he trial court failed to correctly analyze and apply the law when it altered the agreement by ordering the parties to submit to an arbitration not administered by the AAA."). Additionally, we determine mandamus relief is appropriate

---

[4] To the extent the Basharas response may be interpreted as arguing that the present dispute is outside of the arbitration agreement, we determine that is for the arbitrator(s) to resolve. *See TotalEnergies E&P USA, Inc. v. MP Gulf of Mexico, LLC*, 667 S.W.3d 694, 718–19 (Tex. 2023) (holding that incorporation of the AAA rules "clearly and unmistakably delegates arbitrability issues to the arbitrator [and] requires that we enforce that provision as written and allow the arbitrator to decide the scope of the arbitration provision").

because Roland's Roofing does not have an adequate appellate remedy. *See CMH Homes v. Perez*, 340 S.W.3d 444, 452 (Tex. 2011) (orig. proceeding) (holding there is no adequate remedy by appeal for an order appointing an arbitrator "because the FAA does not provide for the review of this type of order in state court.").

## CONCLUSION

We determine the trial court abused its discretion by altering the parties' arbitration agreement which calls for the AAA to arbitrate the dispute between the parties. Therefore, we conditionally grant Roland's Roofing's requested relief and direct the trial court to vacate the portion of its order appointing former Judge Stryker as arbitrator within fifteen days of this opinion. The writ will issue only if the trial court fails to comply.

PER CURIAM