

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

## No. 08-25-00223-CV

### In re Walgreen Co. and Robert Alvarez, Relators

## AN ORIGINAL PROCEEDING IN MANDAMUS

### MEMORANDUM OPINION

Relators, Walgreen Co. (Walgreen) and Robert Alvarez, have filed a petition for writ of mandamus. In their petition, Walgreen and Alvarez argue that (1) the real party in interest sued Walgreen and Alvarez under subchapter C-1 of the Texas Labor Code, alleging that they committed an unlawful employment practice because they were each her "employer"; they knew that she was allegedly being subjected to sexual harassment at work; and they failed to take corrective action; (2) they filed a motion to dismiss under Rule 91a in the trial court, arguing, among other things, that Alvarez was not an "employer" under § 21.141 of the Texas Labor Code and that, as a result, the real party in interest's claim against Alvarez had no basis in law; and (3) because the claim against Alvarez lacked a basis in law, the trial court abused its discretion by denying their motion

to dismiss. Walgreen and Alvarez request that we order the trial court to vacate its order denying, and to grant their Rule 91a motion. In addition, Walgreen and Alvarez argue that the trial court abused its discretion by awarding attorney's fees to the real party in interest in connection with the trial court's denial of their Rule 91a motion, by determining the amount of the attorney's fees awarded, and by ordering them to pay the attorney's fees award prior to entry of a final judgment in the case.

A relator seeking mandamus relief must establish that the trial court failed to perform a ministerial duty or committed a clear abuse of discretion and that the relator lacks an adequate remedy by way of appeal. *See In re UpCurve Energy Parters, LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding); *In re Phillips*, 496 S.W.3d 769, 774 (Tex. 2016) (orig. proceeding); *In re Nationwide Ins. Co. of Am.*, 494 S.W.3d 708, 712 (Tex. 2016) (orig. proceeding). A trial court abuses its discretion when it makes a ruling that is arbitrary and unreasonable, without regard for guiding legal principles or supporting evidence, or when it fails to analyze or apply the law correctly. *See Nationwide Ins. Co. of Am.*, 494 S.W.3d at 712. "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments. When the benefits outweigh the detriments, appellate courts must consider whether the appellate remedy is adequate." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). "The relator bears the burden of demonstrating that it is entitled to mandamus relief." *UpCurve Energy Partners*, 632 S.W.3d at 256 (citing *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding)).

After full and careful consideration of Walgreen and Alvarez's mandamus petition, the mandamus record provided, the real party in interest's response, Walgreen and Alvarez's reply, and

the relevant law, the Court has determined that Walgreen and Alvarez have not established that they are entitled to the relief sought. We deny the petition. We dismiss any pending motions as moot. We lift the stay imposed by our September 9, 2025 order.

MARIA SALAS MENDOZA, Chief Justice

June 19, 2026

Before Salas Mendoza, C.J., Palafox, and Soto, JJ.