

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-22-00092-CV

**IN RE THE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES**

Original Mandamus Proceeding[1]

Opinion by:    Patricia O. Alvarez, Justice

Sitting:        Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice
                Beth Watkins, Justice

Delivered and Filed: June 22, 2022

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

The child at the center of this case is J.F., a sixteen-year-old child in the managing conservatorship of the Department of Family and Protective Services. In its February 8, 2022 "Order Following Hearing Regarding Placement,"[2] the trial court ordered the Department to enter a child-specific contract to place J.F. "within Bexar County whether it is in a foster home, group home, or transitional living" at the rate of $500 per day.

The Department filed a motion to stay the order, which we granted, and a petition for writ of mandamus complaining of the order. The trial court and the child's ad litem filed responses.

---

[1] This proceeding arises out of Cause No. 2020-PA-01628, styled *In the Interest of J.F., a Child*, pending in the 407th Judicial District Court, Bexar County, Texas, the Honorable Mary Lou Alvarez presiding.

[2] Although the trial court's order states the permanency hearing was held on February 4, 2022, the reporter's record shows it was held on February 2, 2022. The trial court signed the order on February 8, 2022, and that is how we refer to the challenged order.

Having considered the petition, the record, and the responses, we conditionally grant the petition for writ of mandamus.

## MANDAMUS STANDARD OF REVIEW

Generally, to obtain mandamus relief, a petitioner "must show that the trial court committed a clear abuse of discretion and that [the petitioner] has no adequate remedy by appeal." *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding) (per curiam). "A trial court abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law' or if it clearly fails to correctly analyze or apply the law." *Id.* (quoting *Walker v. Packer*, 827 S.W.2d 833, 839, 840 (Tex. 1992)).

However, the petitioner does not have to show a lack of an adequate appellate remedy for mandamus relief to be appropriate if the complained-of order is void. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000) (orig. proceeding) (per curiam). "[A] judgment [is] void when 'the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act.'" *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012) (quoting *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 863 (Tex. 2010)).

## BACKGROUND

In August 2020, the Department filed its original petition for protection of J.F., for conservatorship of J.F., and for termination of J.F.'s parents' rights. In October 2021, the trial court[1] found that J.F.'s mother and father had (1) constructively abandoned J.F. and (2) failed to comply with their respective service plans. It also found that terminating the parents' rights was in J.F.'s best interest, and it appointed the Department as J.F.'s permanent managing conservator.

---

[1] The Honorable Susan D. Reed, sitting by assignment, signed the October 27, 2021 order.

At a permanency hearing on February 2, 2022, the trial court reviewed and assessed the Department's care for J.F. In its February 8, 2022 order, the trial court included the following:

> 2.8.  **IT IS ORDERED** that the **DEPARTMENT** shall enter a Child Specific Contract for [J.F.] at the rate of $500 per day, for the purpose of placement within Bexar County whether it is in a foster home, group home, or transitional living. Said Contract shall be circulated to the Attorneys no later than February 11, 2022. **IT IS FURTHER ORDERED** that this portion of the Order shall be stayed until the next scheduled hearing as indicated below.

On February 15, 2022, the Department filed a petition for writ of mandamus and a motion for emergency relief to stay the trial court's order. The next day, this court granted the stay and requested responses. The trial court and the attorney ad litem for the real party in interest filed responses.

## DISCUSSION

In its petition, the Department argues that the trial court abused its discretion in ordering the Department to pay a specified amount for J.F.'s foster care because, inter alia, the trial court violated the Separation of Powers Clause of the Texas Constitution. We agree.

In *In re The Texas Department of Family and Protective Services*, No. 04-22-00040-CV, 2022 WL 1751677 (Tex. App.—San Antonio Jun. 1, 2022, orig. proceeding), we considered whether the trial court could order the Department to enter a child-specific contract for foster care at a specific daily rate. *Id.* at *7–8. In that case, we held that the trial court's order violated the Separation of Powers Clause of the Texas Constitution, *id.* at *8, which was a clear failure to correctly analyze or apply the law, and which constituted an abuse of discretion, *see In re Ford Motor Co.*, 165 S.W.3d at 317.

The same principle applies here: Paragraph 2.8 of the trial court's order, which requires the Department to enter a child-specific contract for J.F.'s care at a specific rate, violates the

Separation of Powers Clause, incorrectly analyzes or misapplies the law, and is void. *See PNS Stores*, 379 S.W.3d at 272; *In re Ford Motor Co.*, 165 S.W.3d at 317.

## CONCLUSION

The trial court lacked the authority—constitutional, statutory, inherent, or otherwise—to require the Department to "enter a Child Specific Contract for [J.F.] at the rate of $500 per day, for the purpose of placement within Bexar County whether it is in a foster home, group home, or transitional living." Thus, the trial court's inclusion of paragraph 2.8 in its February 8, 2022 order was an abuse of discretion, that paragraph is void, and the Department is entitled to relief.

We conditionally grant the Department's petition for writ of mandamus. We direct the trial court to, no later than fifteen days from the date of this opinion, vacate paragraph 2.8 of its February 8, 2022 "Order Following Hearing Regarding Placement." We are confident the trial court will promptly comply; our writ will issue only if it does not.

Patricia O. Alvarez, Justice